# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.                                                          **ORDER OF DETENTION PENDING TRIAL**

<u>JOSE ANGEL RUIZ-PENA</u>          Case Number: 13-mj-8294-01-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.
☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

**Part II - Written Statement of Reasons for Detention**
I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

**Part III - Directions Regarding Detention**
The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 2, 2013                   S/ David J. Waxse
                                          *Signature of Judicial Officer*

                                          DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                          *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Jose Angel Ruiz-Pena
Criminal Action 13-mj-8294-01-DJW

## Part II - Written Statement of Reasons for Detention

The statute provides that I have to consider certain factors to determine whether or not there are conditions that will assure your appearance as well as the safety of the community.

Those factors include the nature and circumstances of the offense charged and whether or not it involves a controlled substance, and your case does so that is a negative factor.

The next factor is the weight of the evidence. There has been a prior determination of probable cause by Judge O'Hara so that is a negative factor.

The next factor is the history and characteristics of the defendant including your physical and mental condition. There appears to be no problem there.

Family ties appear to be positive even though there has not yet been any direct contact with family.

Employment is negative.

The next factor is financial resources. There is no indication that you have substantial resources that would assist you in fleeing so that is positive.

Length of residence in the community is somewhat positive but you are here illegally which makes that a negative.

Your history relating to drug or alcohol abuse appears to be no problem.

Your criminal history is a minor problem.

The next factor is your record concerning appearance at court proceedings. It does appear from the report that you have failed to appear or comply with summons in several cases.

The next factor is whether at the time of the current arrest you were on probation, parole, or other release. Technically you were on other release from the prior misdemeanor charges.

The final factor is the nature and circumstances of the danger to the community that would be posed by

your release. In this case with a large quantity of methamphetamine, it is a substantial danger to the community that you would distribute that.

    This is also a case where there is a presumption that you should be detained based on the charges. I find that you have not been able to rebut that presumption and factors justify your continued detention.